## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES | CIVIL ACTION |
| VERSUS | NUMBER 09-5460 |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS | SECTION "L" (2) |

### ORDER & REASONS

Before the Court is Plaintiff National Trust for Historic Preservation in the United States' Motion to Alter or Amend Judgment (Rec. Doc. No. 136). For the following reasons, Plaintiff's Motion is DENIED.

**I.    BACKGROUND**

The relevant factual background is summarized in this Court's Order & Reasons dated March 31, 2010.[1] Rec. Doc. No. 131.

**II.    PRESENT MOTION**

Plaintiff filed a Motion to Alter or Amend Judgment (Rec. Doc. No. 136), asking this Court to reconsider its decision in its Order & Reasons (Rec. Doc. No. 131) issued on March 31, 2010. Plaintiff raises the following four arguments in support of its Motions: (1) the Court failed to consider whether the Programmatic Environmental Assessment (PEA) contained sufficient evidence and analysis to support a Finding of No Significant Impact (FONSI); (2) the Court incorrectly allowed the agencies to rely upon unrevealed mitigation measures to support their mitigated FONSI; (3) the Court failed to require the PEA to assess the U.S. Department of

---

[1] The Court alters its previous factual background by noting that S. Rocheblave Street, and not Galvez Street, serves as the northern boundary of the Mid-City site selected by the Federal Emergency Management Agency and the Department of Veterans Affairs.

Housing and Urban Development's (HUD) noise-related National Environmental Policy Act (NEPA) regulations; and (4) the Court committed factual errors in its opinion which should be corrected. Responses were filed in opposition to Plaintiff's Motion by Intervenor-Defendant City of New Orleans ("City")(Rec. Doc. No. 142), Defendants Federal Emergency Management Agency ("FEMA") and U.S. Department of Veterans Affairs ("VA")(Rec. Doc. No. 143), and Intervenor-Defendant Louisiana Division of Administration, Office of Facility Planning and Control ("the State")(Rec. Doc. No. 144). The Court will now discuss the appropriate standard of review for a motion to alter or amend a judgment, and then address Plaintiff's four arguments in turn.

## III. LAW & ANALYSIS

### A. Standard of Review

A Federal Rule of Civil Procedure 59(e) motion to alter or amend a judgment "is an extraordinary remedy which courts should use sparingly." *E. Eric Guirard & Assocs. v. America First Ins. Co.*, 2010 WL 1743193, at *4 (E. D. La. Apr. 29, 2010); *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *1 (E.D. La. June 5, 2002)(citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2810.1 (2d ed. 2002)). This remedy is so extraordinary that the Fifth Circuit has stated that denial of such motions is favored. *Id.*(citing *S. Contractors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611(5th Cir. 1993)). A district court has "considerable discretion" in deciding Rule 59(e) motions. *See id.* A Rule 59(e) motion "should not be used to 'relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction.'" *E. Eric Guirard & Assocs.*, 2010 WL 1743193 at *4 (quoting *Peterson*, 2002 WL 1268404, at *1). Courts in this district recognize the use of a Rule 59(e) motion where it is "necessary to correct a manifest error of fact

or law," *McCall v. Focus Worldwide Television Network, Inc.*, 2009 WL 1941282, at *3 (quoting *Motiva Enters. LLC v. Wegmann*, 2001 WL 246414 (E.D. La. 2001)), which is the basis urged by the Plaintiff in the present Motion.

> **B.** **Whether the Court improperly failed to consider if the PEA contained sufficient evidence and analysis to support a FONSI.**

Plaintiff argues that the Court improperly required only a "brief discussion" of impacts without also requiring "sufficient evidence and analysis" to support the federal agencies' FONSIs. In response, the Federal Defendants and Defendant-Intervenors argue that the Court's Order & Reasons did consider whether there was sufficient evidence and analysis in the PEA to support the FONSIs and properly concluded that the federal agencies had not acted arbitrary and capricious in conducting their NEPA review.

The Court recognizes that the Council on Environmental Quality (CEQ) regulations define an environmental assessment as "a concise public document" which "serves to: (1) Briefly provide sufficient evidence and analysis for determining whether to prepare an environmental impact statement or a finding of no significant impact." 40 C.F.R. § 1508.9(a). However, the Court disagrees with Plaintiff's interpretation of this regulation as creating a standard for reviewing environmental assessments. The proper standard of review for an environmental assessment under NEPA is arbitrary and capricious. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983). The Court in its Order & Reasons spent 16 pages considering the sufficiency of evidence and analysis in the PEA under this proper standard of review and determined that the agencies had not acted arbitrary and capricious. *See* Rec. Doc. No. 131, pgs. 21-37. Plaintiff fails to cite one case where a court imposed the "'sufficient evidence and analysis' standard" it now asks this Court to use as a basis for altering or amending

its previous ruling.  *See* Rec. Doc. No. 136. p. 4-5.

Furthermore, Plaintiff incorrectly assumes that because the Court focused on the discussion of impacts in the PEA, in direct response to Plaintiff's own arguments, that the Court did not also consider the sufficiency of evidence and analysis in the PEA, despite the numerous pages in the Order & Reasons devoted to these considerations.  *See* Rec. Doc. No. 131, pgs. 19-37.  Section (b) of 40 C.F.R. § 1508.9 requires an environmental assessment to contain "brief discussions" of impacts.  Plaintiff devoted a substantial portion of its Motion for Summary Judgment challenging the federal agencies consideration of impacts, *see* Rec. Doc. No. 58, pg. 31-36, and thus the Court properly focused its analysis on whether there were brief discussions of impacts in the PEA.  Based upon the foregoing, the Court holds that it did not commit a manifest error of law or fact in its consideration of the sufficiency of evidence and analysis in the PEA.

**C.  Whether the Court improperly allowed the agencies to rely upon unrevealed mitigation measures to support their mitigated FONSIs.**

Plaintiff argues that the Court improperly allowed the federal agencies to rely upon unrevealed mitigation measures to support their mitigated FONSIs.  Plaintiff raises two points in support of its argument.  First, Plaintiff claims that the mitigated FONSIs on flooding and drainage impacts were not supported by the record in evidence.  Second, Plaintiff claims that the use of tiering conflicts with CEQ regulations because it does not foster informed decision making and thwarts the opportunity for public scrutiny.  In response, the Federal Defendants and Intervenor-Defendants argue that Plaintiff is barred from raising these same legal arguments it previously raised in its Motion for Summary Judgment and which the Court properly addressed and resolved in its Order & Reasons.  The Defendants further argue that the use of tiering

actually fosters informed decision making and encourages public involvement.

In its Order & Reasons, the Court listed a number of mitigation measures for drainage and flooding impacts set out in the PEA, *see* Rec. Doc. No. 131, pg. 45, and considered these impacts under the applicable law, including case law cited by the Plaintiff in its original Motion for Summary Judgment and in its Motion to Alter or Amend Judgment. *See e.g.* Rec. Doc. No. 131, pgs. 44-47 (citing *O'Reilly v. U.S. Army Corps of Eng'rs*, 477 F.3d 225(5th Cir. 2007)). The Court concluded then, as it does now, that the federal agencies' discussion of mitigation measures in the PEA is not arbitrary and capricious. As discussed above, a Rule 59(e) motion is not for relitigation of issues that have been resolved to the movant's dissatisfaction. *E. Eric Guirard & Assocs.*, 2010 WL 1743193 at *4.

Plaintiff also challenges the Court's decision to uphold tiering where mitigation measures discussed during a later tier support a mitigated FONSI. Plaintiff claims that this combination of mitigation measures and tiering violate CEQ regulations by preventing informed decision making and public discussion. In its Motion for Summary Judgment, Plaintiff already raised arguments against tiering, even specifically against obtaining project information in separate stages, *see* Rec. Doc. No. 131, pg. 37, which the Court has already considered, along with the applicable facts and law, to conclude that the federal agencies' use of tiering was not arbitrary and capricious. *See id.* at pg. 41. Accordingly, Plaintiff is precluded under Rule 59(e) to relitigate this issue.

Plaintiff additionally argues that tiering thwarts the opportunity for public scrutiny required by CEQ regulations and case law. The Court agrees that CEQ regulations and case law recognize the importance of public involvement in the NEPA process. However, the Court finds that the Plaintiff fails to demonstrate how the Court's decision to uphold tiering constitutes a

manifest error of law solely because this applicable law calls for public involvement in NEPA procedures, especially when the PEA and the Court's Order & Reasons recognize public involvement throughout the NEPA process in the present matter. *See e.g.* Rec. Doc. No. 131, pg. 5. Additionally, Plaintiff fails to cite a CEQ regulation or case which provides that tiering thwarts public involvement in the NEPA process. Based upon the foregoing, the Court holds that it did not commit a manifest error of law or fact in its consideration of the mitigation measures and tiering set forth in the PEA.

> **D. Whether the Court improperly failed to require the PEA to assess HUD's noise-related NEPA regulations.**

Plaintiff next argues that the Court improperly failed to require the PEA to assess HUD noise-related NEPA regulations. Plaintiff claims that since the City is the responsible entity for HUD it was required to comply with HUD's NEPA regulations. Plaintiff then goes on to argue that because the City is a cooperating agency, the federal agencies failure to conduct noise studies as required by HUD's NEPA regulations was improper under NEPA. In response, the Defendants argue that the Court's citation to and analysis of the noise impacts considered by the federal agencies demonstrates that the Court properly determined that the federal agencies' discussion of noise impacts was not arbitrary and capricious. The Defendants also argue that Plaintiff failed to raise the issue of noncompliance with HUD noise-related NEPA regulations in its Motion for Summary Judgment, and thus Plaintiff is barred from doing so now. In its Reply brief, Plaintiff clarifies that it is not asking this Court for the first time to require an EIS based upon HUD regulations, but rather is challenging this Court's reason for distinguishing the present matter from *Coliseum Square Ass'n v. Jackson*, 465 F.3d 215 (5th Cir. 2006), a Fifth Circuit case upholding HUD's consideration of noise impacts under NEPA because HUD

conducted a noise study as required by its own agency's NEPA regulations.

Plaintiff's argument is in response to the Court's determination in its Order & Reasons that the present matter is factually distinguishable from *Coliseum Square Ass'n*, 465 F.3d 215, on the basis that in the present matter HUD is not a lead agency responsible for conducting the NEPA review while in *Coliseum Square*, HUD was the lead agency charged with this responsibility. *See* Rec. Doc. No. 131, pgs. 22-23. Plaintiff also challenges this Court's comment in a footnote that HUD is involved in the present matter as a source of funding to the City and was not involved with executing the EA. *See id.* at n.3. These factual characterizations are accurate as Plaintiff recognizes in its brief. Pl.'s Br. pgs. 16-17(stating the City is a responsible entity under HUD regulations because it accepted funding from HUD and recognizing FEMA and the VA as lead agencies). Nonetheless, Plaintiff attempts to raise for the first time the argument that FEMA and the VA were required, because of the City's role as a responsible entity for HUD, to conduct a noise study under HUD regulations as part of their consideration of noise impacts. In its Order & Reasons, the Court recognized that Plaintiff failed to raise this argument in its Motion for Summary Judgment, *see generally* Rec. Doc. No. 131, pg. 23, and because Plaintiff failed to raise this argument before, it cannot do so now. *See E. Eric Guirard & Assocs.*, 2010 WL 1743193 at *4. Further, the Court already cited record evidence and provided analysis in support of its reasons for finding that the federal agencies consideration of noise impacts was not arbitrary and capricious. *See* Rec. Doc. No. 131, pgs. 21-22. Based upon the foregoing, the Court holds that it did not commit a manifest error of law or fact in its consideration of noise impacts discussion in the PEA.

  **E.**  **Whether the Court committed factual errors in its opinion which should be corrected.**

Plaintiff argues that the Court committed factual errors "upon which the Court appeared to rely in reaching its conclusions on the merits," and thus the Court should reconsider its final judgment. Pl.'s Br. pg. 19. The Court has considered these alleged factual errors and holds that these errors do not constitute manifest errors of fact warranting reconsideration of the Court's previous decision. The Court will now address the five alleged errors as follows.

First, Plaintiff alleges the Court erred by mischaracterizing a diagram of current noise levels at the proposed LSUMC site as one of predicted noise levels in reaching its conclusion that the federal agencies were not arbitrary or capricious in their consideration of noise impacts. In response, Defendants note that the Court relied upon numerous examples of the federal agencies' consideration of noise impacts other than this diagram to reach its conclusion. The Court acknowledges that it inadvertently characterized the diagram of containing predicted noise levels instead of current noise levels. However, as noted by the Defendants, the Court did not rely upon this single example to reach its conclusion that the federal agencies' consideration of noise impacts complied with NEPA. Rather, the Court considered numerous examples of the agencies' consideration of noise impacts, *see* Rec. Doc. No. 131, pgs. 21-22, and reached its decision after reviewing the extensive record, briefing, and oral arguments.

Second, Plaintiff argues that the Court erred by relying upon the PEA's data on elevation at the Mid-City site in considering drainage and flooding impacts in the PEA, when the Plaintiff noted in its Motion for Summary Judgment that the VA later acknowledged that the elevation of the site was lower than that listed in the PEA. In response, the Defendants note that the Court properly focused on a number of drainage and flooding impacts considered by the federal agencies, and that the elevation of the sites was a single factor considered. The Court agrees that it did not cite the VA's elevation estimates in its Order & Reasons. However, the Court finds

that this omission does not change its conclusion that the federal agencies properly considered drainage and flooding impacts under NEPA. The Court noted numerous examples of drainage and flooding impacts considered by the federal agencies other than this single measurement of elevation, *see* Rec. Doc. No. 131, pgs. 25-27, and reviewed the extensive record, briefing, and oral arguments to reach its conclusion in the Order & Reasons.

Third, Plaintiff argues that the Court committed manifest error in assessing the CEQ's involvement in the PEA process. Specifically, Plaintiff takes issue with the Court's statement that "in making the determination to tier their environmental review of the medical center projects, the agencies consulted with and received feedback from the CEQ." Rec. Doc. No. 131, pg. 41. Plaintiff alleges the Court erroneously "assumed the defendants ultimately followed the same procedure about which they consulted CEQ." Pl.'s Br. pg. 28. In response, Defendants argue that it is the Plaintiff which incorrectly assumes that the Court was using the correspondence between the federal agencies and the CEQ as evidence that the agencies directly followed the dictates of the CEQ in executing the PEA. As expressly stated in the Order & Reasons, the Court cited the correspondence between the federal agencies and the CEQ as evidence that the federal agencies consulted with and received feedback from the CEQ on tiering. Plaintiff's suggestion that this statement means more than what it plainly states is an incorrect assumption. The Court's Order & Reasons addressed Plaintiff's tiering arguments and cited the federal agencies correspondence with the CEQ as a single consideration among many leading to the conclusion that the agencies' tiering complied with NEPA.

Fourth, Plaintiff argues that the Court may have misunderstood the extent of potential contamination at the Mid-City site because the Court, in characterizing an argument raised by the Defendants, suggested six parcels within the Mid-City site were the only ones containing

contamination, when in fact these parcels were the only ones with underground storage tanks and contamination was present beyond these parcels. In response, Defendants argue that the Court did properly characterize their argument and the extent of contamination at the Mid-City site in its Order & Reasons. The Defendants also note that the Court based its conclusion that the federal agencies' consideration of contamination impacts satisfied NEPA standards upon a variety of factors.

In its Order & Reasons, the Court properly characterized a report cited by both parties and part of the record evidence which recommended further assessments to be conducted on six parcels in the Mid-City site. *See* VA AR001-781. Plaintiff's suggestion that the Court misunderstood the extent of contamination at the site simply because the Court did not specify that these six parcels are the parcels with underground storage tanks is unavailing. As Plaintiff recognizes in its brief, *see* Pl.'s Br. pg. 22., in its Order & Reasons, the Court correctly lists all the contaminates at the site and considers the agencies' discussion of contamination impacts, *see* Rec. Doc. No. 131, pgs. 28-29, evidencing that the Court did not misunderstand the scope of contamination at issue.

Fifth, Plaintiff argues that the Court erroneously described the boundaries of the Mid-City site in the "Background" section of its opinion, and asks that the Court's decision be reconsidered if this error was a predicate to any findings or conclusions. Plaintiff also notes that this may be "mere clerical error" and that the Court correctly characterizes the site later in the opinion. In response, Defendants argue that any error in identifying the name of one boundary street of the site has no effect on the Court's understanding and analysis of the case, especially given that the Court correctly identified the site later in the analysis section of the opinion. The Court recognizes that it named Galvez Street as the northern boundary of the Mid-City site,

when in fact it is S. Rocheblave Street. As both parties recognize, this was merely a clerical error in the "Background" section of the opinion which had no bearing on the Court's substantive analysis of the facts and law as evidenced by the Court's proper characterization of the site later in the opinion in the analysis section and the Court's familiarity with the site specifications during oral argument and review of the record documents. The Court has corrected this clerical error in the "Background" section of the present Order & Reasons.

## IV.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff National Trust for Historic Preservation in the United States' Motion to Alter or Amend Judgment (Rec. Doc. No. 136) is DENIED.

New Orleans, Louisiana, this  14th  day of  June , 2010.

UNITED STATES DISTRICT JUDGE